**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| WHITE FAMILY MINERALS, LLC, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VALIDUS ENERGY II MIDCON LLC, and ROAN RESOURCES LLC,<br><br>Defendants. | Case No. ______________<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT**

Plaintiff White Family Minerals, LLC, on behalf of itself and all others similarly situated, brings this Class Action Complaint against Defendants Validus Energy II Midcon LLC and Roan Resources LLC (collectively, "Validus"), and alleges and states:

## SUMMARY OF ACTION

1. Plaintiff brings these claims against Validus concerning Validus's actual, knowing, and willful underpayment or non-payment of royalties on natural gas and constituent products, including natural gas liquids, through improper accounting methods and by failing to account for and pay royalties as required by the applicable agreements and Oklahoma law, as more fully described below.

## PARTIES

2. Plaintiff White Family Minerals, LLC is a limited liability company organized under Oklahoma law with a principal place of business in Oklahoma.

3. Defendant Validus Energy II Midcon LLC is a limited liability company organized under Delaware law with its principal place of business in Colorado.

4. Defendant Roan Resources LLC ("Roan") is a limited liability company organized under Delaware law with its principal place of business in Colorado.

5. Roan is an affiliate and/or subsidiary of Validus Energy II Midcon LLC. Roan was acquired by Citizen Energy III LLC in 2019. Citizen Energy III LLC was acquired by and merged into Validus Energy II Midcon LLC in 2024. Upon information and belief, Roan owns working interests (i.e., a lessee's interest) in wells operated by Validus Energy II Midcon LLC in which Plaintiff and Class members own royalty interests.

6. Validus is in the business of producing and marketing natural gas and constituent products, including natural gas liquids, from oil-and-gas wells in Oklahoma in which the Class members hold royalty interests.

7. The acts charged in this Complaint as having been done by Validus were authorized, ordered, or done by its officers, agents, affiliates, employees, or representatives, while actively engaged in the conduct or management of Validus's business or affairs, and within the scope of their employment or agency with Validus.

## JURISDICTION & VENUE

8. The preceding allegations are incorporated by reference.

9. This Court has original jurisdiction over the claims asserted in this complaint pursuant to 28 U.S.C. § 1332(d) because this is a class action in which the amount in controversy exceeds the sum of $5,000,000; the members of the Classes number over 100

aggregate members; and minimal diversity exists because Plaintiff is a citizen of Oklahoma and Defendants are citizens of Colorado and Delaware. Further, minimal diversity exists because members of the Class are citizens of state other than Colorado and Delaware, meaning the members of the Class are citizens of different states than Defendants.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred in this District and Defendants have their principal place of business in this District.

**FACTUAL ALLEGATIONS**

11. The preceding allegations are incorporated by reference.

12. Plaintiff owns a royalty interest in the Norpo 1H-25-24 well in Grady County, Oklahoma under an oil-and-gas lease dated January 6, 1978 attached as Exhibit 1.

13. Plaintiff's lease requires that Validus, as lessee and operator, remit the following for gas royalties:

> To pay lessor for gas of whatsoever nature or kind (with all of its constituents) produced and sold or used off the leased premises, or used in the manufacture of products therefrom, 3/16 of the gross proceeds received for the gas sold, used off the premises or in the manufacture of products therefrom, but in no event more than 3/16 of the actual amount received by the lessee, said payments to be made monthly.

14. Under Oklahoma law, this lease imposes the implied duty to market (the "IDM") upon Validus.

15. Oklahoma's IDM requires Validus to "provide a marketable product available to market," including for natural gas and its constituents. *Mittelstaedt v. Santa Fe Minerals, Inc.*, 1998 OK 7, ¶ 20, 954 P.2d 1203, 1208.

16. This means that Validus is precluded from passing along to royalty owners, like Plaintiff, any costs incurred in transforming raw gas and its constituents, including natural gas liquids, into a marketable product.

17. Because raw or unprocessed gas must typically undergo certain field processes—such as gathering, compressing dehydrating, treating, and processing ("GCDTP"), including transportation, fractionation, and storage ("TF&S") of raw mixed natural gas liquids into marketable products—to make the gas and its constituents marketable products, lessees and operators, like Validus, bear the costs associated with performing such GCDTP and TF&S services.

18. Royalty owners whose leases contain the IDM, like Plaintiff, bear no responsibility for the cost of GCDTP and TF&S services required to place natural gas and its constituents in marketable form. This is because the IDM requires lessees to get the gas to the place of sale in marketable form and to bear the cost of preparing the gas for market. *Wood v. TXO Prod Corp.*, 1992 OK 100, ¶¶ 9, 11, 842 P.2d 880, 882–83.

19. The IDM applies unless an oil-and-gas lease expressly says otherwise.

20. By statute, the IDM also applies equally to Validus's payments to any "force-pooled" owners of unleased royalty interests in any Oklahoma well. *See* 52 O.S. § 87.1(e).

21. If a lessee, like Validus, wants royalty owners to share in the costs of GCDTP and TF&S services, that can be spelled out in the oil-and-gas lease. *Wood*, 1992 OK 100, ¶ 11, 854 P.2d at 883.

22. Some leases *do* expressly spell out by name certain GCDTP and TF&S services that are allowed to be deducted from royalty—these leases are called express-

deduction ("ED") leases. Other leases expressly state that a lessee *cannot* take deductions, which are known as express-no-deduction ("END") leases. Plaintiff's proposed class includes IDM and END leases and excludes ED leases.

23. Despite the IDM's requirements and the terms of Plaintiff's lease, Validus has deducted GCDTP and TF&S services from Plaintiff's royalty payments.

24. Validus has deducted GCDTP and TF&S services costs, sometimes in-kind, by adjusting or failing to pay on the full volume, price, or value of the gas and its constituents, including natural gas liquids. These adjustments do not appear on Plaintiff's check stubs.

25. In addition to the terms of the oil-and-gas leases, 52 O.S. § 570.10(C)(4) imposes upon Validus a duty to properly pay royalty and if Validus causes royalty to be paid incorrectly to royalty owners (like Plaintiff), Validus (as operator) is responsible for the underpaid royalty. ("Where royalty proceeds are paid incorrectly as a result of an error or omission, the party whose error or omission caused the incorrect royalty payments shall be liable for the additional royalty proceeds on such production and all resulting costs or damages by the party making the incorrect payment.").

26. Validus's improper royalty payment practices have been applied to Plaintiff and the members of the Class.

## CLASS ACTION ALLEGATIONS

27. The preceding allegations are incorporated by reference.

28. Plaintiff brings this action on behalf of itself and as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class (the "Class"):

> All non-excluded persons or entities who are royalty owners in Oklahoma oil-and-gas wells where Validus Energy II Midcon LLC (including its affiliated predecessors and affiliated successors) is or was the operator (or a working interest owner who marketed its share of gas and directly paid royalties to the royalty owners) from December 1, 2020 to the date Class Notice is given. The Class claims relate to or arise from royalty payments for gas and its constituents (such as residue gas, natural gas liquids, helium, nitrogen, or drip condensate).
>
> Excluded from the Class are: (1) Defendants, their affiliates, and employees, officers, and directors; (2) agencies, departments, or instrumentalities of the United States of America or the State of Oklahoma; (3) any Indian tribe as defined at 30 U.S.C. § 1702(4) or Indian allottee as defined at 30 U.S.C. § 1702(2); and (4) persons or entities whose leases expressly authorize the deduction of the costs of gathering, compression, dehydration, treating, processing, transportation, fractionation, and/or storage.

29. Absent Class members who have been underpaid royalty on gas and its constituents number in the thousands. Validus operates hundreds of oil-and-gas wells in Oklahoma, with at least one royalty owner (and usually more) in each well. Thus, the Class is so numerous that joinder of all members is impracticable.

30. The questions of fact and law common to the Class include, but are not limited to:

a. Whether the Class oil-and-gas leases impose the IDM under Oklahoma law;

b. Whether Validus breached the IDM by deducting GCDTP and TF&S services or by underpaying royalty as a result of GCDTP and TF&S services;

c. Whether Validus's failure to properly pay royalty to the Class imposes liability on Validus under 52 O.S. § 570.10(C)(4);

d. Whether Validus is obligated to pay 12 percent compound interest on the underpaid royalty under Oklahoma statute.

31. Plaintiff's claims are typical of the Class because each Class member has a similar cause of action.

32. Validus treated Plaintiff and the Class members in the same way by failing to pay the required royalty on gas and its constituents using a common accounting methodology.

33. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with the interests of the Class. Plaintiff is represented by counsel who are skilled and experienced in oil-and-gas matters, accounting, and complex civil litigation, including oil-and-gas royalty class actions.

34. The averments of fact and questions of law in this Complaint are common to the members of the Class and predominate over any questions affecting only individual members.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

a. The questions of law and fact are so numerous across the Class that there is no reason why individual members of the Class would want to control the prosecution of their own claims at their own expense;

b. To Plaintiff's knowledge, there is not a certified class with the same scope of Class membership sought in this Complaint against Validus relating to its failure to properly pay royalty on gas and its constituents as required by law;

c. All parties and the judiciary have a strong interest in resolving these matters in one forum;

d. The difficulties in managing this case as a class action will be slight in relation to the personal benefits to be achieved on behalf of each Class member—not only those who can afford to bring their own actions; and

e. Absent a class action, Plaintiff and the Class members may never fully discover the wrongful acts of Validus, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to Validus.

## CAUSES OF ACTION

### I. Breach of Contract

36. The preceding allegations are incorporated by reference.

37. Plaintiff brings this cause of action on behalf of itself and the Class.

38. Plaintiff and the other Class members are parties to written, fully executed, oil-and-gas leases.

39. The Class leases impose the IDM on Validus with regard to payment of royalty on gas and its constituents.

40. Validus breached the terms of Plaintiff's and the Class leases by its actions in underpaying royalty or not paying royalty on all products sold from the gas stream, including as a result of GCDTP and TF&S Services.

41. As a result of Validus's breaches, Plaintiff and the Class members have been damaged through underpayment of the actual amounts due.

42. Plaintiff and the Class members are entitled to the actual damages caused by Validus's breaches and are further entitled to statutory interest and other allowable damages imposed by Oklahoma law, including punitive damages. *See* 52 O.S. § 570.1 *et seq*.

**II. Unjust Enrichment**

43. The preceding allegations are incorporated by reference.

44. Plaintiff and the other Class members have been damaged, and Validus has been unjustly enriched, as a result of Validus's royalty underpayment practices.

45. By statute, the IDM also applies equally to Validus's payments to any "force-pooled" owners of unleased royalty interests in any Oklahoma well. *See* 52 O.S. § 87.1(e) ("[E]ach owner shall be considered a lessor, subject to the judicially recognized implied covenant to market found to exist by the courts of this state in oil and gas leases covering lands located in this state …").

46. No relevant distinction exists between the IDM that arises from a lease and the IDM that arises from this Oklahoma statute. Force-pooled royalty owner Class members have been damaged in the same way by the same breach of the same duty (the IDM) as leased Class members. There is no adequate remedy at law available for such Class members to recover damages due for Validus's systematic breach of the IDM.

47. Validus has been unjustly enriched by and benefitted from the use of money that rightfully should have been paid as royalty to Plaintiff and other Class m members, including all force-pooled royalty owners in Oklahoma wells.

48. Plaintiff and the Class members are entitled to such funds from Validus, in addition to statutory interest, disgorgement of ill-gotten profits and other allowable damages imposed by Oklahoma law, including punitive damages, as a result of Validus's unjust enrichment. *See* 52 O.S. § 570.1 *et seq*.

**III. Violation of the Production Revenue Standards Act**

49. The preceding allegations are incorporated by reference.

50. Under 52 O.S. § 570.10(C)(4), Validus, as operator remitting royalty, is liable for royalties that are paid incorrectly to Plaintiff and the Class, including compound interest under the PRSA at 12%. 52 O.S. § 570.10(D)(1).

51. Validus has failed to properly remit royalties to the Class, and with actual, knowing, and willful intent to deceive and deprive Plaintiff and the Class of both proceeds and interest knowing that Plaintiff and the Class were legally entitled thereto. 52 O.S. § 903.

52. Validus acted with reckless disregard and/or intentionally and with malice in underpaying royalty proceeds to Plaintiff and the Class.

53. Plaintiff and the Class members are entitled to the actual damages caused by Validus's breaches and are further entitled to statutory interest and other allowable damages imposed by Oklahoma law, including punitive damages in the amount of actual damages or double actual damages. 23 O.S. § 9.1 *et seq*.

**JURY DEMAND**

54. Under Fed. R. Civ. P. 38, Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff seeks:

1. An order certifying and allowing this case to proceed as a class action with Plaintiff as class representative and the undersigned counsel as class counsel;

2. An order requiring Validus to pay Plaintiff and the Class members actual damages to fully compensate them for losses sustained as a direct, proximate, and producing cause of Validus's breaches and unlawful conduct, including, without limitation, compound interest under Oklahoma law;

3. An order requiring Validus to properly pay royalty to Plaintiff and the Class in the future, as required by law;

4. An order awarding punitive damages as determined by the jury, which is demanded herein, and in accordance with Oklahoma law on each of Validus's wrongful acts, as alleged in this Complaint;

5. An order requiring Validus to pay the Class's attorney fees and litigation costs as provided by statute; and

6. Such costs and other relief as this Court deems appropriate.

Dated: July 24, 2026.

Respectfully submitted,

*<u>/s/ Rex A. Sharp</u>*

Rex A. Sharp
Scott B. Goodger
Hammons P. Hepner
**SHARP LAW, LLP**
4820 W. 75th Street
Prairie Village, KS 66208
Phone: (913) 901-0505
rsharp@midwest-law.com
sgoodger@midwest-law.com
hhepner@midwest-law.com

***Attorneys for Plaintiff***
***and the Proposed Class***